UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATASHA H.,

        Plaintiff,

v.                                                              5:20-cv-1221
                                                                                      (ML)
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____

APPEARANCES:                                                    OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC            JUSTIN M. GOLDSTEIN, ESQ.
  Counsel for the Plaintiff
6000 North Bailey Avenue - Suite 1A
Amherst, New York 14226

SOCIAL SECURITY ADMINISTRATION                  TIMOTHY S. BOLEN, ESQ.
  Counsel for the Defendant                                Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## **ORDER**

        Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1]  Oral

---

[1]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

argument was heard in connection with those motions on February 24, 2022, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)　Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is DENIED.

2)　Defendant's motion for judgment on the pleadings (Dkt. No. 13) is GRANTED.

3)　The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4)　Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5)　The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: February 28, 2022
　　　　Binghamton, New York

　　　　　　　　　　　　　　　　　　　　　　　*Miroslav Lovric*
　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Miroslav Lovric
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　　Northern District of New York

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
NATASHIA MARIE H.,

                        Plaintiff,

vs.                                         5:20-CV-1221

ANDREW M. SAUL, Commissioner
of Social Security,

                        Defendant.

--------------------------------------------------------x
```

                    *DECISION* - February 24, 2022

               the HONORABLE MIROSLAV LOVRIC

          United States Magistrate Judge, Presiding



                    APPEARANCES  (by telephone)


```
For Plaintiff:    LAW OFFICES OF KENNETH HILLER, PLLC
                  6000 North Bailey Avenue
                  Amherst, NY 14226
                     BY:  JUSTIN M. GOLDSTEIN, ESQ.

For Defendant:    SOCIAL SECURITY ADMINISTRATION
                  15 New Sudbury Street
                  Boston, MA 02203
                     BY:  TIMOTHY SEAN BOLEN, ESQ.
```

                    *Eileen McDonough, RPR, CRR*
              *Official United States Court Reporter*
                         *P.O. Box 7367*
                    *Syracuse, New York 13261*
                         *(315)234-8546*

1  THE COURT:  Let me begin by indicating that
2  Plaintiff in this case has commenced this proceeding pursuant
3  to Title 42, United States Code, Section 405(g) and Section
4  1383(c) to challenge the adverse determination by the
5  Commissioner of Social Security finding that she was not
6  disabled at the relevant times and therefore ineligible for
7  the benefits that she sought.
8       By way of background, the Court sets forth the
9  following background in the record.
10      Plaintiff was born in 1985.  She is currently 36
11 years old.  She was 29 years old at the alleged onset of her
12 disability on September 17th of 2015.
13      Plaintiff lives with her parents and three minor
14 children.
15      Plaintiff is approximately 5 feet, 3 inches in
16 height and weighs approximately 258 pounds.
17      Plaintiff has a high school education.
18      Plaintiff has relevant past work as a director at
19 Boys and Girls Club, which was classified by the vocational
20 expert as director/child development.
21      Plaintiff suffers from back injury and obesity.
22      Plaintiff's activities of daily living include
23 watching television, using social media, and caring for her
24 three minor children with help from her parents and sibling.
25      Procedurally in this case, the Court sets forth the

1  following.
2         Plaintiff applied for Title II and Title XVI
3  benefits on February 19th of 2016, alleging an onset date of
4  September 17th of 2015.
5         In support of her claim for disability benefits,
6  Plaintiff claims disability based on a spine disorder and
7  obesity.
8         Administrative Law Judge Gretchen Mary Greisler
9  conducted a hearing on March 14th of 2018, where Plaintiff
10 was represented by Matthew Nutting, to address Plaintiff's
11 application for benefits.  ALJ Greisler issued an unfavorable
12 decision on May 11th, 2018.  That can be found at
13 Administrative Transcript pages 121 through 132.
14        The Social Security Administration Appeals Council
15 granted Plaintiff's appeal and remanded the case back to the
16 ALJ Greisler.  See Transcript at 137 through 139.
17        ALJ Greisler held a second hearing on June 12th,
18 2019, and a continuation hearing on October 23th, 2019.
19        ALJ Greisler issued a second unfavorable decision
20 on February 5th of 2020.  That can be found at Transcript
21 pages 10 through 18.  That became a final determination of
22 the Agency on August 21 of 2020 when the Social Security
23 Administration Appeals Council denied Plaintiff's application
24 for review.  See T at pages 1 through 3.
25        This action was commenced on October 5th of 2020

1  and it is timely.
2          In her decision, ALJ Greisler applied the familiar
3  five-step test for determining disability.
4          At step one, she concluded that Plaintiff had not
5  engaged in substantial gainful activity since September 17 of
6  2015, the alleged onset date.
7          At step two, she concluded that Plaintiff suffers
8  from severe impairments that impose more than minimal
9  limitations on her ability to perform basic work activities,
10 specifically a spine disorder and obesity.
11         At step three, ALJ Greisler concluded that
12 Plaintiff's conditions do not meet or medically equal any of
13 the listed presumptively disabling conditions as set forth in
14 the Commissioner's regulations, and focusing on listing 1.04
15 which relates to disorders of the spine, and 1.00 which
16 relates to musculoskeletal system.
17         At step four, the ALJ next determined that
18 Plaintiff retains the residual functional capacity, also
19 known as RFC, to perform sedentary work except she can sit
20 for up to 45 minutes before needing to take a brief, and
21 brief defined as one to two minute, break in order to
22 stretch.  She retains the ability to remain on task to the
23 extent that doing so is possible.  She can occasionally
24 stoop, balance, and climb stairs and ramps.  She cannot
25 crouch, crawl, kneel or climb ladders, ropes or scaffolds.

1  She cannot work at unprotected heights or work around
2  dangerous equipment.  She cannot use foot controls.  She may
3  require the use of a cane or crutch for prolonged ambulation,
4  walking on uneven terrain, or ascending and descending
5  slopes.  She retains the ability to carry small objects such
6  as files in her free hand.
7       The ALJ concluded that Plaintiff can perform her
8  past relevant work as a director/child development center.
9  The ALJ, therefore, did not proceed to step five and
10 concluded that Plaintiff has not been under a disability.
11      As you know, the Court's functional role in this
12 case is limited and extremely deferential.  I must determine
13 whether correct legal principles were applied and whether the
14 determination is supported by substantial evidence, which is
15 defined as such relevant evidence as a reasonable mind would
16 find sufficient to support a conclusion.  As the Second
17 Circuit noted in the case of *Brault versus Social Security*
18 *Administration Commissioner,* that can be found at 683 F.3d
19 443, 2012 case, the standard is demanding, more so than the
20 clearly erroneous standard.  The Court noted in *Brault* that
21 once there is a finding of fact, that fact can be rejected
22 only if a reasonable factfinder would have to conclude
23 otherwise.
24      Now, generally Plaintiff raises the following
25 contentions.

1     First, Plaintiff argues that the ALJ erred by not
2 complying with the Appeals Council's remand order because she
3 (a) never provided Dr. Ganesh for cross-examination, (b)
4 failed to request that the treating sources provide
5 additional evidence or further clarification of the opinions,
6 and (c) did not properly weigh all treating source opinions.
7     Second, Plaintiff argues that substantial evidence
8 does not support (a) the RFC because the ME's opinion (i) was
9 not supported by objective medical findings, and (ii)
10 improperly relied on an insufficient record, and (iii)
11 inaccurately recitation about Plaintiff's drug addiction, or
12 (b) the ALJ's analysis of Plaintiff's subjective symptoms.
13     And lastly, Plaintiff argues that the ALJ's
14 consistency finding is unsupported by substantial evidence.
15     Now, the Court provides the following analysis of
16 this matter.
17     First, I do find that the ALJ complied with the
18 Appeals Council's remand order.  This Court finds that
19 contrary to Plaintiff's argument, the remand order does not
20 require Dr. Ganesh be provided for cross-examination.  The
21 remand order instructed the ALJ to proffer all post hearing
22 evidence to Plaintiff and to offer Plaintiff an opportunity
23 to review and comment upon all evidence admitted into the
24 record.  As a result, I find Plaintiff's argument in this
25 respect unpersuasive.

1         Further, the remand order did not require the ALJ
2    to seek additional evidence or clarification from Plaintiff's
3    treating sources, but gave the ALJ discretion.  As Defendant
4    asserts, the ALJ did not abuse her discretion by failing to
5    weigh an opinion from Nurse Practitioner Julie Glaza, who was
6    not an acceptable medical source under the guidelines and, in
7    any event, could not have had an effect on the outcome of the
8    case.  Moreover, although the ALJ did not consider
9    Dr. Bianco's updated opinion dated June 12, 2018, I find that
10   the Plaintiff cannot demonstrate prejudice for the reasons
11   stated in Defendant's brief, including but not limited to,
12   the fact that it included identical check marked limitations
13   as the November 2017 opinion of Dr. Bianco that the ALJ
14   assigned little weight to.
15        Moreover, I reject Plaintiff's contention that the
16   ALJ discounted Dr. Bianco's opinion for impermissible
17   reasons.  First, the conditions in Dr. Bianco's opinion dated
18   April 13, 2016 were (a) temporary and thus do not satisfy the
19   Social Security Act's duration requirement, (b) on an issue
20   reserved to the Commissioner and therefore is not entitled to
21   any weight, and (c) lacks specificity.  Second, the ALJ was
22   not required to recontact Dr. Bianco regarding his opinion
23   dated November 20, 2017, which failed to quantify any of the
24   limitations that he checked off.  "The fact that the record
25   does not contain any function-by-function opinions does not

1  create a gap in the record or render the record incomplete,
2  so long as the record has no obvious gaps and contains
3  sufficient evidence for the ALJ to render an RFC finding, she
4  has no duty to recontact treating sources for statements or
5  opinions."  That statement that I just read is supported by
6  the case of *Sarah C. versus Commissioner of Social Security*,
7  19-cv-1431, and that can be found at 2021 WL 1175072, at page
8  10, and that is a Northern District of New York, March 29,
9  2021 case, District Court Judge Scullin.  And therein Judge
10 Scullin cited the case of *Monroe versus Commissioner of*
11 *Social Security*, that can be found at 676, F.App'x 5, at
12 page 8.  That's a Second Circuit 2017 case.
13          Next, this Court finds that substantial evidence
14 does support the RFC.
15          The remand order did not prohibit the ALJ from
16 reviewing the evidence and reaching the same RFC as
17 determined in the decision dated May 11th of 2018.
18          The ALJ supportably assigned partial weight to the
19 opinion of consultative examiner Dr. Ganesh, and, in fact,
20 included limitations that were more favorable to Plaintiff
21 than Dr. Ganesh opined.  As a result, the ALJ's departure
22 from Dr. Ganesh's opinion cannot be prejudicial to Plaintiff.
23          Next, for the reasons stated in Defendant's brief,
24 I do find that the ALJ supportably considered medical
25 examiner Dr. Urbaniak's opinion, and assigned it some weight

based on the other evidence in the record.

  The ALJ was not required to discuss every piece of evidence in the record to show that it was considered and did not cherry pick findings here.

  I find Plaintiff's arguments regarding the sit/stand limitation in the RFC unpersuasive.  Plaintiff fails to cite any evidence in the record that establishes that her RFC should be more restrictive than the ALJ found.

  Next, I find that substantial evidence supports the ALJ's analysis of Plaintiff's subjective symptoms.  Under 20 C.F.R. Section 404.1529(c)(2) the ALJ was allowed to find that Plaintiff's subjective symptoms were not entirely consistent with the objective medical evidence and other evidence in the record.  More specifically, the ALJ properly concluded that Plaintiff's reported daily activities were not as limited as one might expect in light of Plaintiff's allegations.

  Finally, I find that Plaintiff cannot carry her burden to prove her spine disorder met or medically equaled listing 1.04A.

  "Plaintiff has the burden of proof at step three to show that her impairments meet or medically equal a listing."  See *Rockwood v. Astrue*, 614 F.Supp.2d, 252, at page 272, and that's a Northern District of New York 2009 case.  And therein citing the case of *Naegele versus Barnhart*, 433

1  F.Supp.2d 319, at page 324, and that's a Western District of
2  New York 2006 case.
3           Plaintiff failed to meet her burden of showing that
4  she met or medically equaled listing 1.04A because she does
5  not develop any argument including citing medical records
6  that show that her impairments would, or be expected, to
7  continue for at least 12 months.  More specifically, the 2013
8  MRI cited by Plaintiff showing disc exertion predated alleged
9  onset date by more than a year.  See Transcript at page 451.
10          Based on this record as a result, Plaintiff's
11 motion for judgment on the pleadings is denied.  Defendant's
12 motion for judgment on the pleadings is granted.  Plaintiff's
13 complaint is dismissed.  And the Commissioner's decision
14 denying Plaintiff benefits is affirmed.
15          This constitutes the decision and analysis of the
16 Court.  Thank you both again for very good briefs.  And that
17 concludes the Court's decision and the Court's proceeding
18 today.  Thank you.  And everyone have a good rest of the day.
19          And as I indicated, I will set forth in the record
20 a written order with the transcript of my decision and
21 analysis that I just set forth here on the record.  Have a
22 good day, everyone, and get ready for the snowstorm that's
23 coming tomorrow.
24                  *           *           *
25

1

2                      C E R T I F I C A T I O N

3

4         I, EILEEN MCDONOUGH, RPR, CRR, Federal Official

5    Realtime Court Reporter, in and for the United States

6    District Court for the Northern District of New York,

7    do hereby certify that pursuant to Section 753, Title 28,

8    United States Code, that the foregoing is a true and correct

9    transcript of the stenographically reported proceedings held

10   in the above-entitled matter and that the transcript page

11   format is in conformance with the regulations of the

12   Judicial Conference of the United States.

13

14

15

16   _____

17          EILEEN MCDONOUGH, RPR, CRR
            Federal Official Court Reporter
18

19

20

21

22

23

24

25